## Case No. 17,605.

### WHITWELL v. PULASKI COUNTY.

[2 Dill. 249.] [1]

Circuit Court, E. D. Arkansas. 1873.

COUNTY WARRANTS—NEGOTIABLE BONDS—POWER TO FUND DEBT.

1. Where the statute of the state provided that the county court (the body having the management of county affairs) shall issue ordinary county warrants of a prescribed form for all sums of money found due from the county, it was *held* that the county court had no implied authority to fund outstanding warrants by the issue of negotiable bonds payable at a fixed future time, and which, if valid, would change and enlarge the liability of the county.

2. Such bonds under the legislation of the state are ultra vires, and impose no liability upon the county even when in the hands of a holder for value.

This is an action by the plaintiff, a nonresident holder of about $75,000 of the bonds of the county of Pulaski. Each of the bonds, except as to date, amount, and name of payee, is of the tenor following:

"State of Arkansas. Pulaski County Funded Debt. Five Hundred Dollars. No. 16. $500. One year after date the county of Pulaski will pay five hundred dollars to M. K. Starke, or bearer, with interest at the rate of eight per centum per annum. This bond is issued in payment of the outstanding scrip of said county under an order of the county court of July term. A. D. 1871, and is receivable in payment of the funded debt tax of 1871. Given at Little Rock, Arkansas, this 15th day of August, 1871. In witness whereof the seal of the county court and the signatures of the presiding judge and clerk are hereto affixed. D. Reeve, Presiding Judge. (L. S.) G. W. McDearmid, Clerk."

No question is made upon the form of the complaint which refers to and makes the bonds in suit part thereof. By demurrer to the complaint the county raised the question of the authority of its officers to issue the bonds. It was conceded by counsel that there was no express statute, general or special. authorizing the issue, and the right was claimed by implication.

Benjamin & Barnes. and T. D. W. Yonley, for plaintiff.

[1] [Reported by Hon. John F. Dillon. Circuit Judge. and here reprinted by permission.]

A. H. Garland, and Gallagher & Newton, for the county.

Before DILLON, Circuit Judge, and CALDWELL, District Judge.

DILLON, Circuit Judge. The demurrer to the answer presents the question whether the county of Pulaski had authority to issue the bonds in suit. The county affairs in this state are under the management and control of the county courts, whose jurisdiction and powers are prescribed by statute. Among other powers, these courts are authorized "to audit, settle, and direct the payment of all demands against the county," and they have jurisdiction "in all matters relating to county taxes, disbursement of money for county purposes. and in any other case that it may be necessary for the internal improvement and local concerns of the county." Gould's Dig. p. 317, § 7. By statute it is also provided that "where any county court shall ascertain that any sum of money is due from the county to any person, an order shall be made allowing the same and directing the clerk to issue a warrant therefor, which shall be of the following form." The form prescribed consists of a direction to the treasurer to pay to ——, or bearer, —— dollars. ——, naming the particular fund, if any. and signed by the clerk.

The question as to the implied authority of counties generally to issue negotiable paper does not arise in this case, for here the statute contains a specific direction that when money is due from the county it shall be evidenced by ordinary county warrants. This excludes any implied authority, which might otherwise be contended to exist, to issue negotiable bonds or paper. The bonds in suit recite on their face that they are issued in payment of the outstanding scrip of the county, and are receivable in payment of the funded debt of 1871, and draw interest at the rate of eight per cent. per annum. Negotiable bonds, payable at a fixed future date, and meanwhile drawing interest at a rate exceeding the rate which in any event an ordinary warrant can draw, and payable out of a specific tax fund not applicable to the payment of ordinary warrants. are, in form, and substance, and effect, different from the warrants which counties are authorized to issue.

It is conceded by the counsel for the plaintiff that there is no express authority in any statute for the order of the county court made at the July term, 1871, for the funding of the outstanding scrip of the county, and under which the bonds in suit were issued. If these bonds did not change and enlarge the liability of the county, it might be argued that they should be treated as the substantial equivalents of warrants. But if valid, they do change and enlarge the liability of the county. They draw interest at a greater rate than warrants. and this for a fixed future period. If bonds payable in one year are valid, so likewise

would be bonds payable in twenty or fifty years. Other provisions of this statute limit the amount of taxes which may annually be levied by the county authorities for the payment of its ordinary liabilities, including outstanding warrants. See Kinsey v. Pulaski Co. [Case No. 7,830]. But there is no such limit upon the amount of taxes which may be levied for the payment of the authorized funded debts of the county.

It is precisely because there is a substantial difference between these bonds, assuming their validity, and the usual county warrant, that we may suppose that creditors were willing to surrender their warrants and take the bonds. The action of the county officers in issuing the bonds is ultra vires, and imposes no liability upon the county.

We need not now state what remedies the holders of these bonds may have, but undoubtedly they may compel the county to re-deliver the warrants surrendered, if not canceled, or new warrants in their place.

Demurrer sustained.

NOTE. Nature of county warrants, and distinction between them and negotiable bonds; and as to implied authority to issue negotiable paper, see the cases cited in Dill. Mun. Corp. §§ 406, 407. Statutory power to issue county orders held to confer no power to issue negotiable bonds payable at a future day, where the difference is essential. Goodnow v. Commissioners of Ramsey Co. (1865) 11 Minn. 31 (Gil. 12); County Com'rs v. Carter. 2 Kan. 115; Hull v. County, 12 Iowa, 142. The same principle is declared by the supreme court of the United States in the recent case of Britton v. Police Jury, 15 Wall. [82 U. S.] 566. where the implied authority of a county to issue negotiable paper to raise money, or to fund outstanding indebtedness, was denied.